# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 4:25 pm, Aug 19, 2011

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 11 Case |
| D. SCOTT MOORE ) | |
| DOROTHY ELIZABETH MOORE ) | Number 11-41023 |
| ) | |
| *Debtors* ) | |

### MEMORANDUM AND ORDER
### ON MOTION OF THE UNITED STATES TRUSTEE
### TO DISMISS OR TRANSFER

The United States Trustee seeks dismissal or transfer of this case, arguing that venue in the Southern District of Georgia is improper. Debtors argue that venue is proper in the Southern District of Georgia, based at least in part on Dr. Moore's employment. At the hearing on June 28, 2011, this Court took the matter under advisement and makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtors own no real estate in Georgia.

Debtors reside in the State of South Carolina. Dr. Moore is an emergency room physician who is employed by an emergency room practice group, and who practices at hospitals in Savannah, Georgia; Brunswick, Georgia; Vidalia, Georgia; Statesboro, Georgia; and St. Mary's, Georgia.

AO 72A
(Rev. 8/82)

Mrs. Moore operates an online business from their home in Beaufort, South Carolina.

Debtors contend that venue is proper in the Southern District of Georgia because Dr. Moore is an employee of Georgia Emergency Associates, P.C., which provides emergency room physicians to hospitals in Chatham County, Georgia, in Glynn County, Georgia, and other Georgia locations.

The United States Trustee contends that mere employment within a state does not satisfy the requirements that a debtor's principal place of business is located in that state. There is considerable authority for that proposition. *See e.g.,* In re Oliver, 111 B.R. 540, 544 (Bankr. D. Md. 1989) ("It is settled that a salaried individual debtor's 'principal place of business' is not that debtor's place of employment."). Debtors contend that although Dr. Moore is an employee—and not an owner—in the professional corporation, that he provides other professional and managerial services which take him out of the category of a mere employee.

Post-hearing submissions contain the following information: Dr. Moore is "an Associate Professor of Emergency Medicine for the Georgia Health Sciences University and teach[es] medical students both in Savannah and in Brunswick GA [sic] as part of the Southeast GA [sic] Clinical Campus of Georgia Health Sciences University (Medical College of GA) [sic]." Document, Dckt. No. 36, p. 2 (June 28, 2011). He has been on the faculty for

a few years and has recently been named "Director of Emergency Ultrasound for Georgia Emergency Associates." Id. In that position he will be responsible for developing a clinical ultrasound program for the professional corporation which provides services at the following facilities: St. Joseph's Hospital / Candler Hospital in Savannah, Meadows Regional Medical Center in Vidalia, East Georgia Regional Medical Center in Statesboro, Southeast Georgia Health System in Brunswick and St. Mary's, and additional urgent care centers in the greater Savannah area.

## CONCLUSIONS OF LAW

Venue is governed by 28 U.S.C. § 1408, which provides:

> [A] case under title 11 may be commenced in the district court for the district . . . in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . .

I conclude that the breadth and scope of Dr. Moore's professional responsibilities support his claim that the Southern District of Georgia qualifies as his principal place of business, despite the fact that he is not an owner of the professional corporation. Therefore the United States Trustee's Motion to Transfer Venue will be denied as to Dr. Moore. However, with regard to Mrs. Moore, the evidence is uncontradicted that she lives in South Carolina and conducts an online retail business which sells goods through

the country, but that she operates that website from her home in South Carolina. Given these facts, I can find no basis for concluding that her principal place of business is in the Southern District of Georgia. I am therefore compelled to grant the United States Trustee's Motion as to Mrs. Moore. I recognize the fact that this result may seem impractical for individual debtors, but the statutory mandate is clear.

The Court recognizes the additional expense and complexity that will be incurred by retaining Dr. Moore's case in this district and ordering the transfer of Mrs. Moore's case to the District of South Carolina. Accordingly, Debtors' counsel will have fourteen (14) days from the date of this Order to communicate to the Court whether they would prefer dismissal of the joint case, dismissal of Mrs. Moore only from the case, or the transfer of her proceeding to the District of South Carolina.

/s/ Lamar W. Davis, Jr.
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 19th day of August, 2011.